IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ronald Jenkins, #333126, | ) | C/A No.: 1:12-1245-JFA-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Ronald Jenkins is an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections who filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return. [Entry #17, #18].   Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by October 25, 2012. [Entry #19].   Petitioner filed a response on October 23, 2012. [Entry #21].   Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.    Factual and Procedural Background

According to the solicitor's presentation of the facts at the guilty plea, to which Petitioner raised no objection, Petitioner had been involved in divorce proceedings he

considered unfair and unfavorable. [Entry #18-1 at 10−20]. Petitioner had verbally threatened his wife's divorce attorney (the "victim") in numerous harassing and profanity-laden telephone calls.   Petitioner made at least 28 calls from July to August 31, 2007. On August 31, 2007, the victim was exiting his car and getting into his wheelchair at his law office when Petitioner approached and reportedly threatened him, stating that he would kill him before he went to jail.   Later that evening, Petitioner broke into the law office and started a fire that caused approximately $350,000 in damage. Petitioner's image was captured on surveillance tapes at a nearby gas station purchasing $2 worth of gasoline in a plastic milk jug minutes before the alarms sounded for the fire at the victim's office. Investigators found "pour patterns on the conference table in the law library and . . . a plastic melted container with a wick sticking out of it." [Entry #18-1 at 15].   The gas station clerk identified Petitioner from a photograph.

Petitioner was indicted by the Richland County grand jury in December 2007 for second degree arson, second degree burglary, and aggravated stalking (2007-GS-40-8419, -8426, -8428). [Entry #18-1 at 136−141]. He was represented by Deputy Public Defender Micah Leddy and on February 9, 2009, he pled guilty as charged before the Honorable G. Thomas Cooper, Jr., Circuit Judge.   [Entry #18-1 at 3−53].

Judge Cooper sentenced Petitioner to 20 years for arson second, 15 years for burglary second, and 5 years for aggravated stalking, all concurrent. [Entry #18-1 at 52]. Petitioner did not file an appeal from his guilty plea.

2

On April 3, 2009, Petitioner filed an application for post-conviction relief ("PCR"), alleging the following claims:

(1)     Ineffective assistance of counsel for failing to conduct pretrial investigation;
(2)     Denial of due process due to conflict of interest;
(3)     Lack of subject matter jurisdiction due to insufficiency of indictment for burglary second; and
(4)     Involuntary guilty plea due to counsel's unpreparedness and failure to provide discovery.

[Entry #18-1 at 55, 60−68].   Petitioner filed a *pro se* amended application on July 27, 2009, raising the following additional issues:

(5)     Ineffective assistance of counsel for
   (a)     failing to move to quash the indictments;
   (b)     failing to move for continuance of the defective and unlawful indictments;
   (c)     failing to move for dismissal of the charges for violating statutory law, court rules, and court's lack of subject matter jurisdiction and personal jurisdiction;
(6)     Denial of due process for lack of transfer of venue; and
(7)     Trial court bias.

[Entry #18-2].

A PCR evidentiary hearing was held before the Honorable Clifton Newman on April 15, 2010, at which Petitioner and his counsel, Bryan Jeffries, Esq., appeared. [Entry #18-1 at 87−114].   Judge Newman denied relief at the conclusion of the hearing [Entry #18-1 at 111−113] and signed an order of dismissal on July 19, 2010 [Entry #18-1 at 115−135].

Petitioner appealed from the denial of PCR and was represented by Deputy Chief Appellate Defender Wanda H. Carter of the South Carolina Commission on Indigent

Defense, Division of Appellate Defense.   Counsel filed a petition for writ of certiorari in

the South Carolina Supreme Court on March 25, 2011, raising the following issue:

> Trial counsel erred in failing to develop a mental illness defense in the case
> because it was clear that petitioner, who had lost his house, car, income, and
> inheritance, and had suffered imprisonment per his unfavorable divorce
> settlement, became so mentally incompetent that he burned down his
> ex-wife's lawyer's legal office without being cognizant of his actions.

[Entry #18-3 at 3].

On April 18, 2012, the South Carolina Supreme Court issued an order denying

certiorari. [Entry #18-5]. The remittitur was issued on May 31, 2012. [Entry #18-6].

II.    Discussion

Petitioner filed this federal petition for a writ of habeas corpus on May 8, 2012.

[Entry #1].[1]   In Ground One, he argues that he is entitled to a writ of habeas corpus

because he received ineffective assistance of counsel due to counsel's error in failing to

develop a mental illness defense.   In Ground Two, Petitioner argues that the ineffective

assistance of counsel rendered his guilty plea involuntary.

A.    Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there

---

[1]  The petition was received by the court on May 10, 2012 and docketed on May 11, 2012.
However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule."
*Houston v. Lack,* 487 U.S. 266 (1988). Petitioner dated his petition May 8, 2012, which is
the date the envelope indicates the petition was deposited in the McCormick Correctional
mailing system. [Entry #1-4 at 2].

4

is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

5

B.     Habeas Corpus Standard of Review

1.     Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.     Exhaustion

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal

court will consider the claim.    *Id.*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
>> (A)    the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)    (i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR.   State law requires that all

7

grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976).   If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP.   Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[2] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir.2000) (citing *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir.1997) (internal quotation

---

[2] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar.   Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

marks omitted)). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir.1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy,* 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases,* 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court *"outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854.   As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted," *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the South Carolina Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals.

C.    Analysis: Merits Review

In Ground One, Petitioner claims that he received ineffective assistance of counsel because plea counsel failed to develop a mental illness defense.   In Ground Two, Petitioner claims that counsel's failure to develop such a defense rendered his plea

involuntary.   Because Petitioner relies on the same arguments for both his grounds, the undersigned addresses them together.

Petitioner argues that trial counsel should have developed a mental illness defense in his case because it was clear that having had lost his house, car, income, and inheritance, and having suffered imprisonment through his unfavorable divorce settlement, Petitioner had become so mentally incompetent that he burned down his ex-wife's lawyer's legal office without being cognizant of his actions. [Entry #1 at 5−6, #1-2].

The PCR judge rejected this claim because Petitioner failed to present any evidence of mental illness that could have been discovered and presented at the time of his guilty plea. [Entry #18-1 at 132].   Specifically, Petitioner claims that trial counsel should have had him evaluated, but he presented no evidence of an evaluation showing that he was or is affected by any mental issues.   The PCR court held that prejudice from counsel's failure to interview or call witnesses cannot be shown where no such witnesses testify at the PCR hearing, and that Petitioner's mere speculation as to what a mental evaluation would have been cannot satisfy his burden of showing prejudice. *Id.*

Counsel conceded at the plea that guilt was not an issue, but argued, in mitigation, that Petitioner had acted under stress from the divorce arguing that Petitioner was in position where he "felt he had nothing to lose." [*Id.* at 33]. Counsel argued Petitioner felt he was "wronged" in the divorce proceedings, and stated Petitioner would address the divorce proceedings to demonstrate his feelings at the time of the crimes. Counsel argued

the context for Petitioner's actions was "important because it goes to show you that he's not crazy, he's not irrational," rather he was acting under stress. [*Id.* at 34].

Counsel argued "these are things that can be understood and these are things that cause anger that is going to fade. . . ." [*Id.*]. Counsel noted, "[t]he only reason he wanted a trial ever was to be able to air his grievances. What he felt was important in this case was what led up to the arson. . . ." [*Id.* at 34–35].

Petitioner also addressed the court during his guilty plea and alleged that victim had changed the agreement in the divorce proceedings, that Petitioner felt he had been wronged, which was why he got to where he did, recounting specifics of the divorce. [*Id.* at 36–37; 39–43]. Petitioner admitted he caused the fire because he "was angry . . . out of control," had been drinking heavily, and did something that he wouldn't have done otherwise. [*Id.* at 38]. Petitioner apologized to everybody involved, including victim and victim's family and co-workers. [*Id.* at 44–46]. He maintained he had been angry and made a mistake. [*Id.* at 45, 43 "I was fighting mad at the attorney."].

At the PCR hearing, Petitioner asserted that counsel was ineffective regarding s mental evaluation. Petitioner testified he was scheduled for an evaluation, but the evaluation was cancelled, "[s]o it wasn't investigated to see what my state of mind was." [*Id.* at 93-94]. He also complained counsel failed to speak with Petitioner's drug and alcohol counselor as to his state of mind. [*Id.* at 94]. On cross-examination, Petitioner claimed that it was unknown who actually burned the office, and that he merely plead

guilty so he could pursue his fraud allegation. [*Id.* at 100-101]. Petitioner did not present any witnesses or evidence concerning mental illness.

At PCR, plea counsel acknowledged the evidence of great stress that Petitioner was under at the time of the crimes due to the divorce. [*Id.* at 106]. Plea counsel acknowledged his conversation with Petitioner that if he addressed the allegation of fraud during the divorce, "then the judge is going to be afraid that you haven't gotten over this and that you are going to go back out and kill somebody i[f] you get a lenient sentence." [*Id.*]. Plea counsel also acknowledged it "seemed very important to him" to talk about the divorce at the plea. [*Id.*].

In his Response, Petitioner argues that counsel failed to conduct an adequate and appropriate investigation when mental illness was a big issue, citing *Von Dohlen v. State*, 602 S.E.2d 738 (S.C. 2004), *Carey v. Musladin*, 549 U.S. 70 (2006), and *Frazer v. S.C.*, 430 F.3d 696 (4th Cir. 2005). [Entry #21 at 2].   The undersigned finds the cited cases are not analogous.[3]   In *Von Dohlen*, a forensic psychiatrist testified at the PCR hearing that he had examined the petitioner 52 times over the course of 3½ years and determined he suffered from a major mental illness at the time of the underlying crime. *Von Dohlen,* 602 S.E.2d at 742. However, in Petitioner's case, there was no evidence presented at PCR that demonstrated he has ever suffered from a mental illness.   If a petitioner fails to show what

---

[3] The issues in *Carey* have no relevance to the issues in Petitioner's case, as that case involved a habeas petition alleging that spectators' conduct had denied him a fair trial. The issues in *Frazer* revolved around allegation of ineffective assistance of counsel for failure of counsel to consult with the petitioner regarding the possibility of an appeal. Neither *Carey* nor *Frazer* involved allegations of ineffective assistance of counsel for failure to investigate a mental illness.

evidence could have been presented, he fails to demonstrate *Strickland* prejudice. *Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990) ("The great failing of the appellant on his claim that other evidence should have been presented during the sentencing phase of his trial is the absence of a proffer of testimony from a witness or witnesses he claims his attorney should have called.").

Further, at PCR, plea counsel testified that he and Petitioner "had a conversation in that he didn't want to get an evaluation so I had it canceled…. But, you know, it doesn't cost me anything to get somebody evaluated, so I don't have any reason not to want to do it," [Entry #18-1 at 105].   Petitioner disputes counsel's representation that Petitioner had asked him to cancel his initial mental evaluation.   [Entry #21 at 2].   The PCR court found Petitioner's testimony was not credible and that plea counsel's testimony was credible. Specifically, the PCR court found that Petitioner's testimony was "directly refuted by the plea transcript." [Entry #18-1 at 130]. The PCR court's factual determination regarding credibility is entitled to deference in this action. *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008), *citing* 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear). *See also Marshall v. Lonberger*, 459 U.S. 422, 434, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them").

Petitioner next argues that he "should not had or have to show or been required to present any evidence or witnesses to show that he was or is effected by any mental issues."

[Entry #21 at 3].   The undersigned is constrained to reject Petitioner's position in light of the black letter law: the South Carolina Supreme Court "has repeatedly held a PCR applicant must produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness's failure to testify at trial." *Bannister v. State*, 509 S.E.2d 807, 809 (S.C. 1998)   Because Petitioner failed to present any witnesses or evidence at the evidentiary hearing in support of his alleged mental illness, any discussion regarding what such testimony would have revealed is purely speculative.

The undersigned finds Petitioner failed to meet his burden of proving trial counsel was ineffective in failing to investigate an alleged mental illness defense. Petitioner has not shown that the state court's analysis misapplied clearly established federal law or, even if there was an error, that it was unreasonable. *See Williams*, 529 U.S. at 410. Based on the foregoing, Petitioner is not entitled to federal habeas relief on Ground One.

In Ground Two, Petitioner challenges the voluntariness of his guilty plea. Petitioner argues that he felt forced to plead guilty because his counsel told him he would not be able to present evidence of alleged fraud at trial, but that Petitioner could present it at the plea.   Petitioner argues the alleged fraud would have shown mitigating circumstances that the victim had committed a crime against him. [Entry #21 at 6].   Specifically, Petitioner recites the following matters that he argues constitute fraud by his ex-wife's attorney: having Petitioner sign a quitclaim deed to his ex-wife while remaining on the loan without refinancing, placing a $65,000 lien against Petitioner's mother's estate, which

14

allegedly included over $20,000 accrued in spousal support and over $20,000 in attorney's fees; and paying off liens for two repossessed cars, one of which was in Petitioner's name only. [Entry #21 at 5].

As an initial matter, having failed to show ineffective assistance, Petitioner cannot show an involuntary plea attributable to ineffective assistance. Further, the record supports the PCR court's ruling that Petitioner entered a knowing and intelligent plea, with the assistance of counsel, and with the opportunity to express mitigating circumstances. Petitioner argues that this court is not bound by the conclusions of the state court judges on the ultimate issue that plea counsel was ineffective or that his plea was voluntary, arguing that these are mixed conclusions of law and facts, citing *Ostrander v. Green*, 46 F.3d 347, 355 (4th Cir. 1995). More accurately, the United States Supreme Court has held that "while 'the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law, and not a question of fact subject to the requirements of 28 U.S.C. § 2254(d),' the historical facts underlying such pleas are entitled to deference under the statute." *Sargent v. Waters,* 71 F.3d 158, 160 (1995) (quoting *Marshall,* 459 U.S. at 431–432).

Here, the record reflects that, at his guilty plea, Petitioner affirmed his understanding of the charges and potential penalties [Entry #18-1 at 5-6]; that he was waiving his right to trial and his right to confront the witnesses against him [*id.* at 7-8]; that he had the right to present a defense and to testify in his defense [*id.* at 8]; that the prosecution would have the burden of proof [*id.*]; and that a jury verdict would have to be

unanimous [*id.*]. Petitioner noted that he did not want a jury trial [*id.*], and that he was satisfied with counsel's representation and advice [*id.* at 9]. The following colloquy took place:

The Court:     Are you under the influence of any alcoholic beverages, drugs or prescription medications at this time?
Petitioner:    No, sir. No, Your Honor.
The Court:     Are you aware of any mental, emotional or nervous condition that you have that would interfere with your ability to understand what you're doing here today?
Petitioner:    None, Your Honor.
The Court:     You clearly understand what you're doing here today?
Petitioner:    Yes, Your Honor.
The Court:     You're pleading guilty of your own free will and accord?
Petitioner:    Yes, Your Honor.

[*Id.* at 9–10].

There is no basis in this record to overturn the findings of the state court. Viewing the record in its entirety, the record supports the state court's conclusion that Petitioner was aware of the constitutional rights that he was waiving and that he freely and voluntarily entered his guilty plea. *Evans v. Smith,* 220 F.3d 306, 312 (4th Cir. 2000) (federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding); *Williams,* 529 U.S. at 398; *Bell v. Jarvis,* 236 F.3d 149, 157–158 (4th Cir. 2009); 28 U.S.C. § 2254(e)(1) (determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence). *Sargent,* 71 F.3d at 160 (historical facts underlying guilty pleas are entitled to deference).

While Petitioner now alleges his plea was involuntary, "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings . . . The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977). Further, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. *Via v. Superintendent, Powhatan Correctional Center,* 643 F.2d 167, 171 (4th Cir.1981). The undersigned can find no basis for a reversal of the state court's finding that Petitioner's guilty plea was voluntary. *Sargent,* 71 F.3d at 160.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Respondent's motion for summary judgment [Entry #17] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

February 20, 2013                              Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.   Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.   "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"   *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*   Fed. R. Civ. P. 6(a), (d).   Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**   28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).