UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ronald Jenkins, ) | C/A No. 1:12-1245-JFA-SVH | |
| Petitioner, ) | | |
| v. ) | ORDER | |
| Warden Leroy Cartledge, ) | | |
| Respondent. ) | | |

The *pro se* petitioner, Ronald Jenkins, is an inmate with the South Carolina Department of Corrections. He brings this petition under 28 U.S.C. § 2254 challenging his 2009 state court convictions.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein she suggests that the court should grant the respondent's motion for summary judgment.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a full recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

The parties were advised of their right to file objections to the Report and Recommendation which was entered on the docket on February 20, 2013. The petitioner filed timely objections which the court will address herein.

PROCEDURAL HISTORY

Petitioner is serving a sentence of 20 years for arson second, 15 years for burglary second, and 5 years for aggravated stalking, all concurrent. He pled guilty and was convicted as charged.

The convictions arose when the petitioner broke into the law office of his former wife's divorce attorney and started a fire that caused $350,000 in property damage. The petitioner pled guilty to the charges on February 9, 2009, and did not file an appeal.

*Post Trial Proceedings*

Subsequent to his convictions, the petitioner filed a state application for Post Conviction Relief (PCR) raising various claims of ineffective assistance of counsel, denial of due process, lack of subject matter jurisdiction, and involuntary guilty plea. An evidentiary hearing was held and the PCR judge dismissed the petition on July 19, 2010. The PCR denial was appealed and a petition for writ of certiorari was filed with the South Carolina Supreme Court. The sole claim raised was that trial counsel had erred in failing to develop a mental illness defense. The remittitur denying certiorari was issued on May 31, 2012.

The present § 2254 petition was filed on May 8, 2012, wherein the petitioner contends

that: (1) trial counsel erred in failing to develop a mental illness defense in the case; and (2) the petitioner's guilty plea was involuntary.

## STANDARD OF REVIEW

### *Summary Judgment*

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ.

P. 56(e).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see, e.g.*, *Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

*The AEDPA and 28 U.S.C. § 2254*

Petitioner filed his petition in this court on May 8, 2012. Therefore, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to this case. *See* 28 U.S.C. § 2244(d)(1). It appears the petition is timely and that petitioner has exhausted his state remedies.

The standard of review to be applied is quite deferential to the rulings of the state courts. Pursuant to the standards set forth in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 413.

An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. *Id.* Demonstrating that a state court's decision is unreasonable requires overcoming "a substantially higher threshold" than simply demonstrating error. *Schriro v. Landigran*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410). "When assessing the reasonableness of the state court's application of federal law, the federal courts are to review the result that the state court reached, not whether [its decision] [was] well reasoned." *Larry v. Branker*, 552 F.3d 356, 365 (4th Cir. 2009) (citing *Wilson v. Ozmint*, 352 F.3d 847, 855 (4th Cir. 2003)).

*Ineffective Assistance of Counsel*

In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficiencies prejudiced his defense. *Strickland v. United States*, 466 U.S. 668,

687-692 (1984). The petitioner "must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct of the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . ." *Id*. at 689. As the *Strickland* Court observed:

> It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable . . . [E]very effort [must] be made to eliminate the distorting effects of hindsight . . .

*Id.* at 689.

After carefully reviewing the trial record in this case, the Report and Recommendation of the Magistrate Judge, and the petitioner's objections, the court has concluded that summary judgment is appropriate in favor of the respondent on all claims, and that this action should be dismissed. In doing so, the court has conducted the required *de novo* review of all issues in the Report and Recommendation to which objection has been made.

### DISCUSSION OF PETITIONER'S GROUNDS FOR RELIEF

Petitioner claims that he received ineffective assistance of plea counsel because his attorney failed to develop a mental illness defense. He also claims that this failure rendered his plea involuntary. The Magistrate Judge has addressed the claims together as they rely on the essentially same arguments for both grounds.

The PCR judge rejected the petitioner's claim that counsel should have developed a mental illness defense because petitioner failed to present any evidence of mental illness that could have been discovered and presented at the time of his guilty plea. After the second claim, the Magistrate Judge concluded that the petitioner entered a knowing and intelligent plea under well established law.

After being advised of his right to file objections to the Report and Recommendation, the petitioner has timely filed an objection memorandum. In this document, the petitioner reasserts his basic claims, but fails to offer any suggestion as to why the Magistrate Judge's recommended disposition is incorrect.

As to the claim that petitioner's trial counsel should have developed a mental illness defense, the Magistrate Judge agreed with the state PCR judge that because the petitioner produced no evidence whatsoever at his state PCR hearing to demonstrate that he had ever suffered from a mental illness, the first of petitioner's two claims must fail. Thus, the Magistrate Judge concludes that the petitioner has failed to meet his burden of proving that trial counsel was ineffective in failing to investigate an alleged mental illness defense. As the Magistrate Judge noted, "the South Carolina Supreme Court has repeatedly held a PCR applicant must produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witnesses failure to testify at trial." *Bannister v. State*, 509 S.E.2d 807, 809 (S.C. 1998). Petitioner makes the argument, unsupported by authority, that he "should not have

to show or been required to present any evidence or witness to show that he was or is effected [sic] by any mental issues." This is clearly not a correct statement of the law. Because petitioner failed to present any witnesses or evidence at the PCR evidentiary hearing in support of his alleged mental illness, any discussion of what such testimony would have revealed is purely speculative.

At the PCR hearing, petitioner's trial counsel testified that he and petitioner had a conversation wherein the petitioner advised counsel that he did not wish to have a mental evaluation. Petitioner disputed this representation and the PCR court found that petitioner's testimony was not credible. This factual finding is not clearly erroneous and should not be disturbed.

A thorough review of petitioner's objection memorandum reveals that he does not address the lack of evidentiary support for his mental illness defense at the PCR hearing. The Magistrate Judge was correct in determining that this issue lacks merit.

Turning to the second issue raised in this petition, that of an involuntary guilty plea, the Magistrate Judge opines that the state court transcript of the guilty plea reveals a knowing and voluntary plea. As the Magistrate Judge points out, at the guilty plea, petitioner affirmed his understanding of the charges and potential penalties; that he was waiving his right to trial and his right to confront the witnesses against him; that he had the right to present a defense and to testify in his defense; that the prosecution would have the burden of proof; and that a jury verdict would have to be unanimous. After answering these questions, petitioner noted

that he did not wish to have a jury trial and that he was satisfied with counsel's representation and advice. On this record, the Magistrate Judge concludes that there is no evidence in the record to overturn the findings of the state PCR judge. Viewing the record in its entirety, the Magistrate Judge suggests that the state court's decision that petitioner was aware of his constitutional rights that he was waiving and that he freely and voluntarily entered into his plea was correct.

Also in regard to the guilty plea issue, petitioner contends that the alleged fraud perpetrated upon him by the attorney whose office he burned would have been a mitigating factor had the case gone to trial. He points out various factual issues relating to his underlying divorce dispute.

A claim that the arson victim committed fraud upon the petitioner prior to the fire would not have been a meritorious defense. At the most, it is a mitigating factor relating to the sentence to be imposed, which petitioner's trial counsel quite properly told the petitioner he could raise at the sentencing colloquy following a guilty plea.

The petitioner does not make a specific objection to this part of the Report and Recommendation, other than to suggest that the Magistrate Judge "failed to look closely at petitioner's arguments and exhibits."

This court finds the petitioner's objections to be unavailing and overrules the same.

For the foregoing reasons, the court hereby grants summary judgment to the respondent and dismisses the petition with prejudice. The court adopts the Report and

9

Recommendation and incorporates the same herein by reference. All objections to the Report and Recommendation are overruled.

Because the petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

August 19, 2013
Columbia, South Carolina

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).